IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| KIRK OSTERMAN,<br><br>                             Plaintiff,<br><br>     v.<br><br>NOVO NORDISK A/S and<br>NOVO NORDISK INC.,<br><br>                            Defendants. | Civil Action No.: 3:25-cv-03500-ZNQ-RLS<br><br>Hon. Zahid N. Quraishi, U.S.D.J.<br>Hon. Rukhsanah L. Singh, U.S.M.J. |

**STIPULATION AND ORDER TO STAY ALL CASE
PROCEEDINGS PENDING MDL DETERMINATION**

Counsel for Plaintiff Kirk Osterman and Defendants Novo Nordisk A/S and Novo Nordisk Inc. (together "Novo Nordisk") hereby agree to and stipulate (herein, "Agreement") as follows:

WHEREAS, on April 29, 2025, Plaintiff filed the above-captioned action against Novo Nordisk;

WHEREAS, on August 19, 2025, Eli Lilly and Company filed a motion before the Judicial Panel on Multidistrict Litigation requesting that cases filed in federal court—including this case—alleging Non-Arteritic Anterior Ischemic Optic Neuropathy ("NAION") with use of a GLP-1RA medicine be coordinated in a multidistrict litigation and transferred for pretrial purposes to the Honorable Karen S. Marston, who is presiding over *In re Glucagon-like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094;

WHEREAS, the JPML has set a briefing schedule on that Motion, and briefing will be closed on September 19, 2025, *see In re Glucagon-like Peptide-1 Receptor Agonists (GLP-1 RAs) Non-Arteritic Anterior Ischemic Optic Neuropathy Products Liability Litigation*, MDL No. 3163, Doc. No. 4;

1

WHEREAS, the Parties anticipate that the JPML will act within the next few months on that JPML Motion, *see* John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 Tul. L. Rev. 2225, 2242 (2008) ("The Panel's rules already require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards.");

WHEREAS, the Parties agree that it is mutually beneficial for the proceedings in this matter to be stayed, *see, e.g.*, *Thick v. Johnson & Johnson*, 2021 WL 7081123, at *2 (D.N.J. Nov. 15, 2021) (Quraishi, J.) (staying action pending JPML decision);

WHEREAS, the activity in the case included pre-motion letter briefs regarding Novo Nordisk's motion to dismiss the Complaint, which would have been filed today;

WHEREAS, this Court has the inherent power to grant a stay, especially in circumstances such as here, where doing so would promote judicial economy and avoid prejudice to the Parties, *see, e.g.*, *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Bechtel Corp. v. Local 215 Laborer's Int'l Union of N.A.*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States district court has broad power to stay proceedings."); *Dean v. Novartis Pharm. Corp.*, 2021 WL 3508808, at *2 (D.N.J. Aug. 10, 2021) ("Stays of a civil actions are common when the issue of transfer is before the JPML."); 15 Charles A. Wright, et al., Federal Practice & Procedure § 3866.1 (explaining that courts have discretion to stay matters pending the JPML's determination);

WHEREAS, absent a stay, the Court and the Parties would face responsive pleading deadlines, and, in light of the possibility that there will be an MDL coordinating related actions for the purpose of pretrial proceedings, a stay is necessary and productive to avoid duplication of pretrial efforts by the parties, any waste of judicial resources, and the risk of conflicting rulings;

NOW, THEREFORE, the Parties hereby stipulate, agree, and respectfully request that:

1. This action be STAYED pending the decision of the JPML regarding Eli Lilly and Company's August 19 Motion to form an MDL coordinating federal cases alleging NAION injury.

2. All deadlines, including Novo Nordisk's obligation to respond to the Complaint, are VACATED until 14 days after a decision by the JPML on Eli Lilly's MDL petition if an MDL is not formed or until further order of the Court if an MDL is formed.

3. The Parties shall notify the Court of the JPML's decision within ten (10) days of the decision if the Court is not otherwise notified.

4. If the JPML denies the motion to form an MDL, the Parties will meet and confer within 14 days of the JPML's ruling and prepare a joint status report for the Court.

5. The Parties' entry into this Stipulation does not constitute a waiver of any jurisdictional defenses that may be available under Rule 12 of the Federal Rules of Civil Procedure, including personal jurisdiction, a waiver of any defenses under Rule 8 of the Federal Rules of Civil Procedure, or a waiver of any other statutory or common law defenses that may be available to Defendant in this action, the Related Actions, or both.  Novo Nordisk expressly reserves the rights to raise any such defenses in response to any operative or amended complaint that may be filed relating to this action.

IN WITNESS THEREOF, the Parties have caused this Agreement to be executed on the 22nd day of August 2025.

SO ORDERED<br>
s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**<br>
DATED: 08/25/2025

Dated: August 22, 2025          Respectfully submitted,

*/s/ Raymond M. Williams*
Raymond M. Williams (NJ Bar No. 011282003)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 606-3301
raymond.williams@us.dlapiper.com

*Attorney for Defendants Novo Nordisk A/S and Novo Nordisk Inc.*

Dated: August 22, 2025          Respectfully submitted,

*/s/ Parvin K. Aminolroaya*
Christopher A. Seeger
Parvin K. Aminolroaya
**SEEGER WEISS LLP**
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
paminolroaya@seegerweiss.com

*Attorneys for Plaintiff*

4